UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 10458 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Ramos ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny his application for disability benefits. For the reasons discussed below, the Court remands this matter for further proceedings consistent with this Memorandum Opinion and Order. Plaintiff's Motion for Summary Judgment [dkt. 13] is granted; the Commissioner's Response to Plaintiff's Motion for Summary Judgment [dkt. 21], construed as a motion for summary judgment, is denied.

**I. Background**

**a. Procedural History**

Plaintiff filed a Title II application for disability insurance benefits on February 28, 2013. [Administrative Record ("R") 173-74.] Plaintiff's claim was denied initially on June 5, 2013, and again at the reconsideration stage on March 13, 2014. [R 36.] Plaintiff timely requested an administrative hearing, which was held on October 2, 2015 before Administrative Law Judge ("ALJ") Victoria A. Ferrer. [R 56-96; 133-34.] Plaintiff was represented by counsel, and a Vocational Expert testified during the hearing. [R 56-96.] On March 2, 2016, the ALJ issued a written decision denying Plaintiff disability benefits. [R 36-49.] On September 15, 2016, the Appeals Council denied

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

Plaintiff's appeal, and the ALJ's decision became the final decision of the Commissioner. [R 1.] Plaintiff filed the instant action on November 9, 2016. [dkt 1.]

    b.    **The ALJ's Decision**

On March 2, 2016, the ALJ issued a written decision denying Plaintiff disability benefits. [R 36-49.] At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since her alleged onset date of November 15, 2012. [R 38.] At step two, the ALJ found that Plaintiff had the severe impairments of osteoarthritis of the left knee, obesity, sleep apnea, and migraine headaches. [*Id.*] The ALJ found Plaintiff's cervical degenerative disk disease to be a nonsevere impairment. [*Id.*] The ALJ also found, after considering the "Paragraph B" criteria, that Plaintiff's adjustment disorder and anxiety were nonsevere impairments. [R 39.] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R 40-41.] The ALJ made this step three determination after considering the listing requirements for Listing 1.02 and 3.10, as well as Plaintiff's obesity. [*Id.*]

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work, with the exceptions that he can never climb ladders, ropes, or scaffolds; only occasionally climb ramps and stairs, or kneel, crouch, and crawl; and Plaintiff is limited to work that only requires him to use his right lower extremity for pushing and pulling on an occasional basis. [R 41.] As part of her RFC, the ALJ engaged in a detailed, six-plus-page single-spaced analysis, which included, *inter alia*, giving no weight to Plaintiff's primary care physician, Dr. Sheldon Levine [R 44]; giving no weight to the opinion of Hines VA Nurse Practitioner Valerie Remes [R 45]; giving some weight to Physician's Assistant Evon Kopitas [*Id.*]; giving great weight to the opinions provided by the state agency medical consultants, Dr. Vidya Madala and Dr. Richard Bilinsky [R 46]; and giving

---

[2]    RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

significant weight to the state agency psychological consultants, Dr. Richard Hamersma and Dr. Kirk Boyenga [R 46].

At step four, the ALJ found Plaintiff capable of performing his past relevant work as an exterminator. [R 47.] Finally, at step five, the ALJ also found additional jobs (the ALJ deemed these "alternative findings") that existed in significant numbers in the national economy Plaintiff could perform. [R 47-49.] Specifically, the ALJ relied upon testimony from the vocational expert in concluding that Plaintiff could perform the jobs of office helper, information clerk, and mail sorter. [R 48.] Because of this determination, the ALJ found Plaintiff not disabled under the Act. [R 49.] Plaintiff now seeks judicial review of that decision.

II.     **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id.* At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362

F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show that there are jobs that the claimant is able to perform, in which case a finding of not disabled is due. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## III. Discussion

### a. The ALJ Failed to Build a Logical Bridge When She Disregarded Certain State Agency Medical Consultant Opinions.

While this is one of the more carefully analyzed and comprehensive ALJ opinions this Court has seen, it still has fallen short in a crucial area where a logical bridge was necessary, yet none was built by the ALJ.

In contrast to the ALJ almost fully disregarding the medical opinions of plaintiff's treating physicians (as is her right provided her reasons are properly articulated), she gave great weight to the opinions of state agency medical consultants, Dr. Vidya Madala and Dr. Richard Bilinsky [R 46].

These consultants *both* separately found that Plaintiff's spine disorder was a severe medically determinable impairment ("MDI"). [R 100, 111.] Yet the ALJ ignored, without explanation, these severe MDI diagnoses.

The Record in this case reflects Plaintiff had a multi-year history of "chronic [degenerative joint disease] pain with neck" and "has been suffering uncontrolled neck pain which is radiating down to left arm & hand or radiating up to head which causes headache for many years." [R 707.] Plaintiff's neck pain began in 2003 after a motor vehicle accident. [R 316.] A 2003 MRI showed Plaintiff had mild C5-6 disk protrusion. [R 707.] Plaintiff appeared at the Neurology department of the VA on March 27, 2013 in connection with his neck pain and migraines. [R 315-18.] At the VA, Plaintiff told Dr. Danilo Vitrorovic that his headaches had responded well to a recent medication change, but his neck pain was unchanged. [R 316.] Dr. Vitrorovic noted a MRI of Plaintiff's cervical spine showed a diffuse disc bulge with moderate central stenosis and left foraminal stenosis at the C5-C6 level and a diffuse disc bulge at the C4-C5 level and C6-C7 level that resulted in stenosis. [R 317-18.] On June 3, 2013, state agency medical consultant Dr. Vidya Madala reviewed Plaintiff's record and determined as a secondary MDI diagnosis that Plaintiff suffered from a severe spine disorder. [R 97-105 at 100.] On March 7, 2014, state agency medical consultant Dr. Richard Bilinsky separately reviewed Plaintiff's record and also determined as a secondary MDI diagnosis that Plaintiff suffered from a severe spine disorder. [R 107-117 at 111.]

The ALJ gave great weight to the opinions of the two state agency medical consultants and then explained her reasoning behind the same. [R 46.] However, the ALJ omitted any explanation concerning these state agency medical consultants findings that Plaintiff suffered from a severe spine disorder – indeed, the ALJ did not even mention it. Instead, the ALJ determined, from her own review of the medical records that "the exams in the record do not show any limitations in [Plaintiff's] range of motion in his cervical spine or that [Plaintiff] had any radicular symptoms in his

5

upper extremities because of his neck impairment," which caused her to find that his spinal disorder was nonsevere as it "did not result in more than minimal work related physical limitations." [R 38.] However, this nonsevere finding does not square with the Agency's own doctors' findings that Plaintiff did have a severe spinal impairment. This discrepancy should have been explained. *Steele*, 290 F.3d at 941 (ALJ must "build an accurate and logical bridge" between the evidence and his conclusion). The ALJ failed to do so and we must remand on this basis. Without this explanation, there is no logical bridge for the Court to follow concerning the ALJ's wholesale and inexplicable disregard of two diagnoses of severe spinal disorder from doctors whose opinions were otherwise given great weight.[3] *See Swenson v. Berryhill*, 2017 WL 3437689, at *4 (D. Kan. Aug. 10, 2017) (remanding, in part based on plaintiff's fibromyalgia, and noting "[e]ven Dr. Geis, the state-agency medical consultant, accorded severe-MDI status to [p]laintiff's fibromyalgia, yet the ALJ inexplicably disregarded this finding, despite giving Dr. Geis's opinion substantial weight.").

## IV. Conclusion

The Court must reverse and remand this decision because the ALJ failed to build an accurate and logical bridge between the evidence and her conclusions as required by law. The case is remanded for further proceedings consistent with this opinion. Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal. Plaintiff's Motion for Summary Judgment [dkt. 13] is granted. The Commissioner's Motion for Summary Judgment [dkt. 21] is denied.

---

[3] Although the ALJ mentioned "additional postural limitations" in her opinion, this is <u>not</u>, as the Commissioner suggests in her Motion (p. 13), a limitation the ALJ adopted from the state agency medical consultants as to Plaintiff's cervical spine. Rather, the additional postural limitations account for claimant's osteoarthritis and obesity. The sentence in question in the ALJ's opinion reads "[t]he state agency medical consultants *accounted for* the claimant's osteoarthritis in his right knee and obesity *by limiting him to* work at the light level of exertion that only required occasional use of his right leg for pushing and pulling *as well as* additional postural limitations." [R 46 (emphasis added).] Thus, it appears the consultants accounted for Plaintiff's osteoarthritis and obesity through push/pull limitations and other postural limitations. Therefore, the ALJ's adoption of these additional postural limitations does not mean the ALJ accounted for the severe spine disorder MDI diagnoses of the state agency medical consultants. The Commissioner is wrong on this point. The Commissioner's argument that it was harmless error for the ALJ to disregard the severe-MDI diagnoses of Drs. Madala and Bilinsky because the ALJ adopted "additional postural limitations" is unpersuasive for this reason.

Entered: 1/26/2018

_____
U.S. Magistrate Judge, Susan E. Cox